793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ALAN DAVID STEIN, Defendant-Appellant.
 84-6125
 United States Court of Appeals, Sixth Circuit.
 5/14/86
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: MERRITT and JONES, Circuit Judges and THOMAS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Alan David Stein appeals his conviction for conspiracy and aiding and abetting the impersonation of a federal officer in violation of 18 U.S.C. Secs. 2, 371 & 912 (1982).
 
 
 2
 The government charged that Stein and co-defendant Carl Bruce Wagner went to the office of Dr. David Colvin on August 17, 1982, to obtain a prescription for 'Dilaudid,' a narcotic analgesic. Wagner represented himself as a federal law enforcement officer and Stein, using the name of Alan Gordon, as a witness in the Federal Witness Protection Program. Wagner gave Dr. Colvin a letter purported to be from another federal officer, Roger Longstreet, to 'Gordon,' explaining that Gordon/Stein was in Louisville to testify at a lengthy trial and that he would be sent to a 'safe' doctor to obtain medication. Dr. Colvin wrote a prescription for Dilaudid, which Wagner later had filled. Wagner obtained and had filled a series of subsequent prescriptions for Gordon/Stein from Dr. Colvin. Stein was incarcerated on another matter two days after the August 17 meeting and did not participate in the later solicitations.
 
 
 3
 On appeal Stein challenges the sufficiency of the evidence against him, pointing out that Dr. Colvin was not able to make a positive identification of him at trial. Other evidence, however, showed convincingly that Stein was the man claiming to be Alan Gordon. In particular, Stein's fingerprint was found on the prescription slip written by Dr. Colvin on August 17, and, in an interview with a U.S. Attorney, Stein had acknowledged that he wrote the Longstreet letter.
 
 
 4
 The court has reviewed the record as a whole. Viewing the evidence in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), we hold that it was sufficient to permit a jury to find Stein guilty beyond a reasonable doubt of the crimes charged. The judgment is, therefore, AFFIRMED.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge for the Northern District of Ohio, sitting by designation